IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D'AYN SMITH, | ) | Civil Action No. |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SWIFT TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC, | ) | |
| | ) | |
|    Defendant. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, D'Ayn Smith ("Plaintiff"), by and through undersigned counsel, and files this his Complaint for Damages against Defendant Swift Transportation Co., of Arizona, LLC, ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Ga, 30006.

6.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

7.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2020.

9.

The EEOC issued a "Notice of Right to Sue" on September 17, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

### 11.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

### 12.

On or about September 25, 2019, Defendant hired Plaintiff as a Customer Account Representative.

### 13.

Plaintiff was working on the Dick's Distribution Center Account and physically located in an office at a Dick's warehouse.

### 14.

Plaintiff sought regular medical care for her disability, chronic hypertension and accelerated heart rate, which was controlled with medications.

### 15.

Plaintiff's work environment was in close quarters with approximately four other co-workers who she could reach out and touch from her desk.

### 16.

Additionally, there were truck drivers coming in and out of the warehouse.

17.

Plaintiff did not have the ability to social distance.

18.

On or about March 16, 2020, the Defendant initiated remote work for all employees due to Covid-19 and the Governor's Shelter Orders.

19.

On or about May 19, 2020, Plaintiff met with her physician for a routine medical checkup on the status of her condition.

20.

Plaintiff's physician instructed Plaintiff to continue to work remotely to avoid contracting the virus and to keep her hypertension under control.

21.

On or about May 19, 2020, Plaintiff's physician issued a medical directive to Plaintiff's employer to comply with a continued remote work schedule, which he provided to the Plaintiff.

22.

On or about May 21, 2020, Defendant lifted the remote work policy and instructed all employees to report back to the office on or about June 1, 2020.

23.

On or about May 26, 2020, Plaintiff submitted the medical directive to Mr.
Michael Johnson, Plaintiff's direct supervisor, via email, and requested
accommodations to continue to work remotely per her doctor's orders.

24.

Mr. Johnson did not acknowledge or indicate that he had received the note at
that time.

25.

On or about May 31, 2020, Plaintiff again submitted the medical note to Mr.
Johnson and again requested accommodations to continue to work remotely per her
doctor's orders.

26.

That same day, Mr. Johnson stated that he would forward the note to Human
Resources.

27.

On or about June 1, 2020, the date that employees were instructed to return to
work in the office, most employees did not return.

28.

As a result, Defendant adjusted the expected return date to June 8, 2020.

29.

On or about June 8, 2020, while Plaintiff was continuing to work remotely pursuant to her medically ordered accommodation, Plaintiff received a phone call from her supervisor, Mr. Johnson, asking why she was not at work.

30.

Plaintiff stated she was logging in remotely, as she had submitted her medical accommodation request to continue working remotely due to her disability and status as "high-risk."

31.

After Plaintiff informed Mr. Johnson that she was working remotely, Mr. Johnson stated that she was terminated effectively immediately because she was not performing up to Defendant's standards.

32.

When Plaintiff asked Mr. Johnson why she had not received any coaching or feedback on her performance until the current phone call, Mr. Johnson also said "and your clock ins."

33.

Prior to providing a request for an accommodation, Plaintiff's employment, Defendant never gave Plaintiff any negative feedback.

34.

Instead, during her employment, Plaintiff received bonuses from Defendant for her work performance.

35.

Plaintiff's first bonus was awarded in December 2019 or January 2020.

36.

Plaintiff's second bonus was awarded in April 2020.

37.

On two separate occasions just prior to her request for accommodations, Mr. Johnson told Plaintiff that he did not have any issue with her performance while working from home if she continued to work and respond to emails.

38.

Defendant has a progressive discipline policy in place.

39.

Defendant's progressive discipline policy requires that, in the event an opportunity to improve performance or level of commitment to Defendant's "One

Standard of Conduct," company leaders are to utilize high performance coaching to engage employees to develop solutions and actions to achieve resolution. Employees are empowered and expected to actively participate in the solution creation process.

40.

Defendant did not utilize high performance coaching in order to address Plaintiff's performance and only brought up her performance at the time of termination.

41.

Three days after Defendant fired Plaintiff, Defendant moved its employees back to remote work.

42.

Defendant's employees continue to be able to work remotely.

43.

At all times relevant, Plaintiff has suffered from a disability of which the employer had knowledge.

44.

In particular, Plaintiff has suffered from chronic hypertension and accelerated heart and is in the "high-risk" category for Covid-19.

45.

The symptoms for Plaintiff's disabilities include increased blood pressure, anxiety, and panic attacks.

46.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination and retaliation.

47.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**CLAIMS FOR RELIEF**

**COUNT I:  DISABILITY DISCRIMINATION
IN VIOLATION OF ADA, AS AMENDED**

48.

Plaintiff re-alleges paragraphs 11-47 as if set forth fully herein.

49.

Plaintiff has a physical impairment which substantially limits one or more major life activities.

50.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

51.

Defendant was aware of Plaintiff's disability.

52.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

53.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

54.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

55.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

56.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

57.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

58.

Defendant treated other employees outside Plaintiff's protected class differently.

59.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

60.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

61.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

62.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

63.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA, AS AMENDED

64.

Plaintiff re-alleges paragraphs 11-47 as if set forth fully herein.

65.

Plaintiff has a physical impaiment which substantially limits one or more major life activities.

66.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

67.

Defendant was aware of Plaintiff's disability.

68.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

69.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

70.

Plaintiff requested that Defendant accommodate her disability by continuing to allow her to work remotely.

71.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

72.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

73.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

74.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

75.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

76.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

77.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

78.

Plaintiff re-alleges paragraphs 11-47 as if set forth fully herein.

79.

Plaintiff has a physical impaiment which substantially limits one or more major life activities.

80.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

81.

Defendant was aware of Plaintiff's disability.

82.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

83.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

84.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

85.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

86.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

87.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

88.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

89.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

90.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff judgment as follows:

(a)    General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)    Special damages for lost wages and benefits and prejudgment interest thereon,

(c)    Punitive damages;

(d)    Reasonable attorney's fees and expenses of litigation;

(e)    Trial by jury as to all issues;

(f)    Prejudgment interest at the rate allowed by law;

(g)    Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        All equitable relief available under the ADA, including

injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted the 15th day of December, 2020.

                                   BARRETT & FARAHANY

                                   /s/ *Amanda A. Farahany*
                                   Amanda A. Farahany
                                   Georgia Bar No. 646135
                                   Grace A. Starling
                                   Georgia Bar No. 464958

                                   *Attorneys for Plaintiff D'Ayn Smith*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
amanda@justiceatwork.com
grace@justiceatwork.com